UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHAR M. SHUNICK, )
   Plaintiff, )
)
vs. ) No. 19-4229
)
DAVID CLAGUE, et. al., )
   Defendants )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint and consideration of Plaintiff's motion to amend and motion to preserve evidence. [1, 5, 6].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Knox County Sheriff David Clague, Jail Administrator Louis Glossip, Assistant Administrator Brad Abernathy, Nurse Tracy Brugard, and unknown medical staff violated his constitutional rights at the Knox County Jail.

Plaintiff says he began experiencing unbearable tooth pain in December of 2018. Plaintiff at first says he was denied medical care after he was told he needed insurance. Plaintiff next admits he saw a dentist in January of 2019, but the dentist said Plaintiff needed his teeth pulled or his teeth could become dangerously infected. Plaintiff

remained in excruciating pain until his tooth did become infected.  Plaintiff was then allowed to see a dentist in April of 2019 who apparently performed surgery to remove his teeth.  Plaintiff received a $2,800 bill for the care provided.

Plaintiff says he has the dates of his dentist visits, and the date he pushed the emergency call button begging for help due to the pain.  However, Plaintiff has not provided this information in his complaint.

It does appear Plaintiff can state a violation of his constitutional rights, but he has failed to clearly allege how each Defendant was involved in his claims.  A Defendant cannot be held liable simple because he or she was a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions...").  Instead, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

For instance, Plaintiff does not mention Nurse Burgard in his complaint.  Did Plaintiff meet with the Nurse or request care, and if so, when and what happened?   Did Plaintiff have contact with the other Defendants concerning his medical care?  Also, Plaintiff should clarify if he was denied all medical care, or denied surgery.  In other words, was Plaintiff ever given pain medication or antibiotics?

The Court will dismiss Plaintiff's original complaint for failure to clearly state a claim upon which relief can be granted. However, the Court will allow Plaintiff additional time to file an amended complaint clarifying both his claims, and how the Defendants were involved in those claims. The amended complaint must stand complete on its own, include all claims against all Defendants, and must not make reference to the original complaint.

Plaintiff's amended compliant should include numbered paragraphs and should describe what happened in the order that it occurred. If Plaintiff is unsure of a Defendant's name, he must include identifying information such as the individual's job title or responsibilities, shift worked, and if possible, a physical description. Plaintiff should also clarify if he was a pretrial detainee awaiting trial during when he experienced tooth pain, or if he had already been convicted or sentenced. Plaintiff's status will determine whether his claim files under the Fourteenth Amendment (pretrial detainees) or the Eighth Amendment (convicted prisoners).

The Court notes Plaintiff has also filed a motion for leave to amend his complaint, but his motion only seeks to clarify the damages Plaintiff is seeking. [6]. Plaintiff can clarify his damages in his amended complaint. Therefore, the motion is denied as moot. [6].

Lastly, Plaintiff has filed a motion to preserve evidence. [5]. Plaintiff asks the Court to order the Knox County Jail to preserve any correspondence to the administration or medical staff and any correspondence to any person "via the turnkey kiosk" at the Knox County Jail from December 1, 2018 to May 1, 2019. [5]. First, Plaintiff

has not limited his request to his own claims. Instead, he has asked for any correspondence involving any inmate and any staff member. Second, Plaintiff is requesting documents which are routinely maintained such as medical records or any document electronically transmitted through the kiosk system. Plaintiff can request relevant documents once he has clarified his claims and a discovery schedule is set. The motion is therefore denied. [5].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim against the named Defendants pursuant to Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before February 17, 2020. If Plaintiff fails to file his amended complaint on or before February 17, 2020, or fails to follow the Court's directions, his case may be dismissed. Plaintiff should use the complaint form provided.

3) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number. Failure to provide this information will result in the dismissal of his lawsuit.

4) Plaintiff's motion to amend his complaint is denied as moot. [6]. Plaintiff should include his damage request in his new complaint.

5) Plaintiff's motion to preserve evidence is denied. [5].

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 30 days.

Entered this 27th day of January, 2019.

                                              s/ James E. Shadid

                                    _____
                                                JAMES E. SHADID
                                    UNITED STATES DISTRICT JUDGE