E-FILED
Friday, 29 May, 2020 11:35:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAR M. SHUNICK, <br>    Plaintiff, <br><br> vs. <br><br> DAVID CLAGUE, et. al., <br>    Defendants | ) <br> ) <br> ) <br> )   No. 19-4229 <br> ) <br> ) <br> ) |

MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [10].

Plaintiff's original complaint was dismissed pursuant Federal Rule of Civil Procedure 8. *See* January 27, 2020 Merit Review Order. While it appeared Plaintiff could articulate a claim based on constitutionally inadequate dental care, he had not explained how any named Defendant was involved in his claims. Therefore, the Court gave Plaintiff instructions to assist him in clarifying his allegations and time to file an amended complaint.

Plaintiff has now filed his motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15.[10]. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint lists Knox County Jail Administrator Louis Glossip, Assistant Administrator Brad Abernathy, Nurse Tracy Brugard, and three unknown medical staff members as Defendants. Plaintiff states his claim is pursuant to the Fourteenth Amendment, so presumably he was a pretrial detainee at the time of his allegations.

Unfortunately, Plaintiff has ignored the Court's directions. His amended complaint does not include numbered paragraphs and does not provide the general time frames for his contacts with the Defendants. See January 27, 2020 Merit Review Order, p. 2, 3. In addition, Plaintiff still fails to explain the involvement of some named Defendants.

Nonetheless, Plaintiff says he began experiencing unbearable tooth pain in January of 2019. Plaintiff submitted sick call requests and met with first shift nurses on multiple occasions. Plaintiff believes the nurses were named Heather and Melissa, and he has provided a physical description of each. The nurses provided Tylenol which did not address Plaintiff's pain.

On an unspecified day, Plaintiff met with Defendant Nurse Practioner Tracy Brugard who stated Plaintiff might need surgery. Plaintiff was informed he would have to pay for a dental visit, so his family sent a money order.

Plaintiff then met with an outside Dentist on an unspecified day who confirmed Plaintiff needed a tooth removed. Plaintiff says he was presented with a $300 bill which he could not afford, presumably for the dental visit.

Plaintiff continued to file multiple medical sick call requests and grievances complaining about his tooth pain. Plaintiff repeatedly met with Nurses Tracy, Melinda, and Heather, but they would only provide medication which did not help. Plaintiff does not mention any other medical staff members in his amended complaint.

Plaintiff says he was informed the Jail Administrator would not approve surgery unless Plaintiff had dental insurance, or he would agree to pay for the procedure. Plaintiff has received no other dental care.

Plaintiff has adequately alleged Defendant Nurses Tracy Burgard, Melinda, and Heather provided constitutionally inadequate medical care in violation of his Fourteenth Amendment rights. While Plaintiff does not specifically mention Administrator Louis Glossip by name in the body of his complaint, he does refer to the Administrator's role in denying dental care.

Plaintiff does not refer to Assistant Administrator Brad Murphy beyond his list of Defendants. *See* January 27, 2020 Merit Review Order; *see also Potter v Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Therefore, the Court must dismiss Defendant Murphy for failure to state a claim upon which relief can be granted.

In addition, while Plaintiff listed Defendant Advanced Correctional Healthcare in his first complaint, it is not an identified Defendant in the amended complaint and will also be dismissed. [1,10].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Jail Administrator Louis Glossip and Nurses Tracy Burgard, Melinda, and Heather provided constitutionally inadequate care for Plaintiff's dental pain in violation of his Fourteenth Amendment rights. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend, [10];  2) Add Defendants Nurse Heather and Nurse Melinda; 3) Dismiss Defendant David Clague, Brad Abernathy, Advanced Correctional Healthcare, and Unknown Medical Staff for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Deny Plaintiff's motions for status update as moot, [11, 12]; 5) Attempt service on Defendants pursuant to the standard procedures; 6) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines;  and 7) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of May, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
